## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GARY D. ERVIN, | ) | CASE NO. 1:08 CV 936 |
| | ) |      (1:04 CR 013) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM OPINION |
| | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket #315 in Case No. 1:04 CR 013.) For the reasons set forth below, Petitioner's Motion is DENIED.

### Factual and Procedural Background

On August 6, 2004, a Federal grand jury in the Northern District of Ohio issued a Second Superseding Indictment against Petitioner Gary Ervin and a Co-Defendant, charging nine counts. Count 1 charged Defendants with carjacking, in violation of 18 U.S.C. §§ 2119 and 2. Count 2 charged Defendants with carrying and using a firearm during and in relation to carjacking, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Counts 3, 4, 5, and 6 charged Defendants with attempting to murder FBI agents Todd Werth; Kenneth Riolo; Michael Brunswick; and, Robert McBride, while they engaged in their official duties, in violation of 18 U.S.C. §§ 1114 and 2. Counts 7 and 8 charged Defendants with using a motor vehicle to assault and impede FBI agents Edward Satterfield and Robert Butrey, while they engaged in their official duties, in violation of

18 U.S.C. §§ 111 and 2.  Count 9 charged Defendants with carrying and using a pistol in relation to the attempted murder of a federal officer, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

Petitioner went to trial on August 24, 2004 and, on September 10, 2004, a jury found him guilty on Counts 1, 2, 3 and 9, and not guilty on Counts 4, 5, 6, 7, and 8.  On March 15, 2005, the District Court sentenced Petitioner to 552 months imprisonment and five years supervised release.

On March 17, 2005, Petitioner filed a Notice of Appeal.  On May 8, 2007, the United States Court of Appeals for the Sixth Circuit issued a mandate, affirming the Judgment of the District Court.  On March 26, 2007, Petitioner filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied on April 30, 2007.

On April 29, 2008, Petitioner filed this Motion to Vacate, *pro se*, challenging his conviction and sentence.  Petitioner sets forth the following Claims for Relief:

1. His Sixth Amendment right to a public trial was violated when the Court limited access to the courtroom;
2. His trial and appellate counsel did not raise the issue that the District Court was in error in limiting access to the courtroom;
3. His appellate counsel failed to raise the issue that the District Court violated his Due Process rights to present a defense and call witnesses in his favor;
4. His trial counsel failed to object to the consecutive sentences for two § 924(c) convictions;
5. His trial counsel failed to object to hearsay evidence during testimony of government witness Black;
6. He was denied the right to testify on his own behalf and his trial counsel failed in advising him of the right to testify;
7. His appellate counsel failed to appeal the denial of the Motion for Judgment of Acquittal on Count 9; and,
8. His Sixth Amendment Confrontation Clause rights were violated by the admission of  hearsay evidence during testimony of Special Agent O'Rourke.

On June 27, 2008, the Government filed its Response in Opposition to Motion to Vacate. (Docket #322.) The Government asserts that Petitioner has not demonstrated ineffective assistance

2

of counsel because he has not established that his attorney's performance was both deficient and prejudiced his defense; that Petitioner was aware of his right to testify; that Petitioner caused Darnell Lester to be unavailable forfeiting his confrontation rights; and, that the record does not support the merits of Petitioner's claims. On August, 21 2008, Petitioner filed his Traverse in Response to the Government's Opposition Brief. (Docket #324.)

Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

## I.    Right to a Public Trial

Petitioner's First Claim for Relief alleges that the District Court violated his Sixth Amendment right to a public trial when it limited access to the courtroom during a portion of the trial. On August 18, 2004, the second day of the first trial, during the testimony of government witness Antwan McPherson, two spectators, the mother of one of Lester's children and a second person, stood up and began shouting and screaming that McPherson was lying and that he was scared. The outbursts were sufficiently disruptive for the Judge to immediately stop proceedings, remove the jury, and grant a mistrial. The public was then barred from the second trial during testimony relative to the carjacking.

Petitioner's claim is defaulted on procedural grounds. Petitioner did not raise his Sixth Amendment public trial claim on appeal. In order to obtain relief based on trial error where no

3

objection was made, a defendant must show both (1) "cause excusing his double procedural default," and (2) "actual prejudice resulting from the errors of which he complains." *United States. v. Frady*, 456 U.S. 152, 168 (1982). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate ... 'cause' and 'actual prejudice.'" *Bousley v. United States*, 523 US 614, 622 (1998) (citing, *Murray v. Carrier*, 477 U.S. 478, 485 (1986), and *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). Petitioner did not raise the issue on direct review and has not demonstrated what prevented him from doing so. Additionally, he has shown no actual prejudice. Therefore, Petitioner is procedurally barred from raising the issue in his Section 2255 Petition.

Even if Petitioner was not procedurally barred from raising his Sixth Amendment claim, said claim fails on the merits. The right to a public trial is not without limitation and may be overcome when barring the public is essential to preserve the proceedings and is narrowly tailored to serve that interest. *Press-Enterprise Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 510 (1984).

In this case, proceedings were closed in order to prevent spectator interference with witness testimony and to prevent the intimidation of witnesses by either party, as both parties alleged that witnesses or family members had received threats from the opposing side and the Court noted observations of intimidating behavior on the part of Defendants' family members while lay witnesses for the Government testified. The closure was narrowly tailored to address these issues, as closure was limited only during testimony from lay witnesses regarding the carjacking charge. Proceedings were open to the public during voir dire; opening statements; and, the remainder of witnesses. While one could seek prior approval from the Court to attend a closed portion of the trial, no requests were made. The two individuals who caused the disruption during

4

the first trial were excluded from the second trial. No other remedy short of this limited closure was available to maintain the integrity of proceedings. Accordingly, Petitioner's First Claim for Relief is without merit.

## II.    Consecutive Sentences for Two § 924(c) Convictions

Petitioner alleges in his Fourth Claim for Relief that trial counsel was ineffective for failing to object to consecutive sentences for his two convictions under 18 U.S.C. § 924(c), using a firearm during a crime of violence. However, trial counsel *did* raise the issue of separate sentences for the two § 924(c) Counts by way of a Sentencing Memorandum and the issue was specifically addressed by the Court at the time of sentencing. (Docket #266.) "As to the 924(c) counts, the defendants have argued... and their arguments are very detailed and laid out in both of their briefs... it is essentially imposing two penalties for the same offense to separately charge 924(c)." (Sentencing Tr. at 20, Docket # 280.) The Court concluded that two separate and consecutive sentences for § 924(c) were consistent with Sixth Circuit precedent. *Id.* Based on the foregoing, Petitioner's Fourth Claim for Relief is denied.

## III.    Right to Testify

Petitioner's Sixth Claim for Relief alleges he was deprived of his constitutional right to testify, and alleges that counsel was deficient in advising him of the right to testify. Petitioner claim fails on the merits. At trial, the Court inquired specifically of Petitioner and asked if he understood his right to testify; had discussed the issue with his counsel; and, was voluntarily deciding not to testify, to which he answered in the affirmative. (Trial Tr. Vol. 7, 1242-43,

Docket #282.) Petitioner was aware of his constitutional right to testify and voluntarily waived his right. Accordingly, Petitioner's Sixth Claim for Relief is denied.

**IV.     Confrontation Clause Rights**

In his Eighth Claim for Relief, Petitioner asserts that he was denied his right to confrontation under the Sixth Amendment. The Confrontation Clause bars the admission of testimonial out-of-court statements unless the witness is unavailable and the defendant had a previous opportunity to cross-examine. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). However, the right to confrontation can be forfeited where a defendant is responsible for the witness's unavailability. *Id.* at 62.

In this case, FBI Agent O'Rourke testified, over Defendants' objections, about cellphone conversations he had with Darnell Lester during Defendants' commission of the crimes for which they were indicted. Darnell Lester was killed during the commission of said crimes. Petitioner challenged the admission of this testimony on direct appeal. On December 26, 2006, the Sixth Circuit found that because Defendants were responsible for Darnell Lester's unavailability, whether or not their intent was to prevent Lester's testimony, the right to confrontation was forfeited. *See United States v. Ervin*, 209 Fed.Appx. 519 (6th Cir. 2006).

Subsequent to the Sixth Circuit's decision, the United States Supreme Court issued its decision in *Giles v. California*, 554 U.S. 353, 361 (2008), finding that a defendant's wrongdoing must be intended specifically to secure the unavailability of a witness for forfeiture to apply.

6

Petitioner argues that *Giles* applies to this case and, therefore, his right to confrontation was violated by his inability to cross-examine Lester.

An intervening change in the law permits a Petitioner to raise previously litigated issues in his Section 2255 Petition. *See Davis v. United States*, 417 U.S. 333 (1974). However, an intervening change in the law permits subsequent review only when the change is substantive. *Lang v. United States*, 474 F.3d 348, 355 (6th Cir. 2007) (citing *Davis v. United States*, 417 U.S. 333 (1974)). The issue of Petitioner's right to confrontation is procedural, not substantive, and the conduct for which Petitioner was convicted, carjacking and attempted murder, are still criminal and have not been changed by the Supreme Court decision in *Giles*. While *Giles* established a new rule of intent, that rule does not apply retroactively to cases that became final before it was decided. *Clark v. Romanowski*, Case No. 08-10523, 2010 U.S. Dist. LEXIS 89196 (E.D. Mich. August 30, 2010) (citing *Ponce v. Felker*, 606 F.3d 596, 597, 604 (9th Cir. 2010)). Petitioner's conviction became final at the close of direct review in 2006. Petitioner's reliance on *Giles*, therefore, is unwarranted.

Regardless, violations of the confrontation clause are subject to a harmless error analysis. *United States v. McGee*, 529 F.3d 691, 697 (6th Cir. 2008). Errors are deemed harmless where "the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Id.* (quoting *Delaware v. VanArsdall*, 475 U.S. 673, 681 (1986)). Lester's statements were introduced to explain why the FBI agents, including Agent O'Rourke, took the actions they did, and the jury was instructed accordingly. Viewing the entire

7

record in this case, the Court is convinced beyond a reasonable doubt that the evidence introduced

at trial proves Petitioner's guilt of the crimes for which he was convicted.

Therefore, Petitioner's Eighth Claim for Relief is denied.

## V.     Ineffective Assistance of Trial and Appellate Counsel

Petitioner raises numerous claims of ineffective assistance relative to both his trial and

appeal. Specifically, Petitioner alleges ineffective assistance in his Second, Third, Fifth, and

Seventh Claims for Relief. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme

Court established the requirements for an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient. This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so serious as to deprive
> the defendant of a fair trial, a trial whose result is reliable. Unless a defendant
> makes both showings, it cannot be said that the conviction or death sentence
> resulted from a breakdown in the adversary process that renders the result
> unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to

show that his attorney's performance was deficient, a defendant must show that "counsel's

representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy

the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id.* at 694. A reviewing court must ensure that "every effort is made to eliminate the

distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct,

8

and to evaluate the conduct from counsel's perspective at the time." *Id* at 689. These standards

outlined in *Strickland*, apply to claims of ineffective assistance of both appellate and trial counsel.

*Lewis v. United States*, No. 98-6140, 1999 WL 623350, at *3 (6th Cir. Aug. 9, 1999) (citing

*Bowen v. Holtz*, 763 F.2d. 191, 194 (6th Cir. 1985)).

In order to prevail on his ineffective assistance of counsel claims, Petitioner must rebut the

presumption that his attorneys' representation was reasonable. Specifically, he must prove that

his attorneys' representation was unreasonable under prevailing professional norms and that the

challenged action was not sound strategy.

As thoroughly and accurately discussed by the Government, Petitioner has failed to present

evidence to support his claims that Counsel was ineffective and that he suffered prejudice as a

result of the performance of counsel. Petitioner submits only self-serving, conclusory statements

regarding the alleged deficiencies of Counsel. The record in this case shows active and

appropriate representation by Counsel and there is no evidence that any of the alleged actions or

inactions of Counsel would have resulted in a different outcome in this case. While Petitioner

makes several arguments regarding deficiencies in the performance of Counsel, the Court has

conducted a careful and thorough review of the record and the materials submitted by the Parties

and finds no basis for his claims. Accordingly, Petitioner's Second, Third, Fifth, and Seventh

Claims for Relief are without merit.

9

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court

10

must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #315 in Case No. 1:04 CR 013) is DENIED.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: June 8, 2011

11