UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gary D. Ervin | ) | Case No. 1:08 CV 01092, 1:04 CR 013 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| United States of America | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| Respondent,. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate and Reinstate Judgment. (ECF #347). Petitioner asserts that this Court retains original jurisdiction over this cause under 28 U.S.C. §§ 2253, 2255. On April 10, 2013, the Government filed its Response in opposition to Petitioner's Motion and urges the Court to deny for lack of jurisdiction and failure to meet the requirements of a motion under Section 2255.

On June 8, 2011, this Court denied Petitioner's first Section 2255 motion. Further, the Court certified, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from the decision could not be taken in good faith and declined to issue a certificate of appealability. Per 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Here, the Petitioner has not received authorization from the Court of Appeals before filing this "second or successive" petition. Therefore, this Court is without jurisdiction to consider it. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Further, a "second or successive" petition must be certified by the Court of Appeals to contain "newly discovered evidence" or "a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (West). However, the Petitioner's Motion includes neither of the substantive elements required for certification. Because this Court lacks jurisdiction and Petitioner's Motion fails to state a claim under 28 U.S.C. § 2255, the Motion to Vacate and Reinstate Judgment is hereby DENIED.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

As the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. However, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Further, to the extent that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: May 21, 2013